[No. 7097.]

LARIMER COUNTY CANAL No. 2 IRRIGATING COMPANY v.
NEW CACHE LA POUDRE IRRIGATING COMPANY ET AL.

PLEADINGS—*Complaint*, praying an injunction to restrain the diversion of water to the prejudice of plaintiff, held sufficient.

*Error to Larimer District Court.*—Hon. JAMES E.
GARRIGUES, Judge.

Messrs. RHODES, TEMPLE and FOSTER, for plaintiff in
error.

Mr. H. N. HAYNES, for defendant in error.

*On re-hearing.*

Mr. JUSTICE SCOTT delivered the opinion of the
court:

In this case the trial court sustained a demurrer to
the complaint.   The plaintiff elected to stand on its
complaint and thereupon the court dismissed the action
and for which error is alleged here.

The only ground of demurrer necessary to consider
is that the complaint does not state facts sufficient to
constitute a cause of action against the defendant

The complaint is voluminous, but enough can be
gathered from its averments, from which it appears that
it states a cause of action in the following particulars:
(1)   The enlarged use of the priorities awarded the defendant company to the detriment of the plaintiff; (2)
Exchanges of water between the owners of reservoirs
taking their supply of water from the river with the defendant company, whereby the plaintiff is deprived of

the full use of its priorities; (3) The failure on the part of the defendant water commissioner to take into account the accretions to the river between the headgates of the respective companies, whereby the commissioner requires more water to pass the headgate of the plaintiff company than is necessary to supply the priorities of the defendant company, the result of which is that the plaintiff is deprived of the full use of its priorities.

We think the averments of the complaint from which these conclusions can be deduced state a cause of action, and that the court erred in sustaining the general demurrer. It is true that the complaint in some respects is rather ambiguous, but it is not sufficiently defective in this respect to justify sustaining the demurrer on that ground. However, we are of the opinion, that the complaint might well be made more definite and certain, and in the event the defendant company is so advised, it should be permitted to file a motion requiring the complaint to be made more specific in its averments of the facts upon which the cause of action is based.

The judgment is reversed with instruction to proceed with the cause in accordance with the views herein expressed.

Former opinion withdrawn and the foregoing opinion filed.

MUSSER, C. J. and GABBERT, J. concur.

Decided July 7, A. D. 1913. Rehearing denied July 8, A. D. 1914.